Christopher L. Cauble, OSB No. 962374
ccauble@thecaublefirm.com
**Cauble, Selvig & Whittington, LLP**
111 SE Sixth St.
Grants Pass, OR 97526
Telephone: (541) 476-8825
Facsimile: (541) 471-1704

Attorney for Plaintiff

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF OREGON
## MEDFORD DIVISION

| | |
|---|---|
| **GRASCO HEMP, LLC,** an Illinois Limited Liability Company,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>**DRYING SOLUTOINS, LLC,** an Oregon Limited Liability Company, **COLT HANSEN,** an individual, and **ADAM POPEJOY**, an individual, and **SHEA McINVALE**, an individual<br><br>　　　　　　　Defendants. | Case No.: **20-cv-01606-CL**<br><br>**AMENDED MOTION TO ENFORCE SETTLEMENT AGREEMENT, AND AWARD ATTORNEY'S FEES and MEMORANDUM IN SUPPORT** |

Plaintiff respectfully moves the Court for an order to enforce the settlement agreement between the parties. This case was settled on December 31 of 2020. *See* Declaration of Peter A. Grasso. Plaintiff's counsel has implored Defendant to carry out their obligations under the settlement agreement, to no avail. In compliance with LR 7-1, a good faith effort to resolve this dispute and have been unable to do so.

Plaintiffs therefore request the following relief:

1. Enforcement of the settlement agreement by a judgment for specific performance upon a date certain within 14 days or as the Court assigns ("Performance Date"),

2. Attorney's fees for having to bring this motion, and

Page 1 – **AMENDED MOTION TO ENFORCE SETTLEMENT AGREEMENT, AND AWARD ATTORNEY'S FEES and MEMORANDUM IN SUPPORT**

3. Costs associated with the storage of the property.

4. Interest at 9% to begin day after Performance Date.

5. Status on a date certain closely after Performance Date to determine, inter alia, if Plaintiff shall be able to begin discovery of each Defendant's assets.

## STANDARD OF REVIEW

"Typically, the construction and enforcement of settlement agreements are governed by principles of local law which apply to interpretation of contracts generally." *O'Neil v. Bunge Corp.*, 365 F.3d 820, 822 (9th Cir. 2004) (internal citations and quotation omitted). Here, as in most places, settlement agreements are interpreted under the ordinary rules of contract interpretation. *Ziebert v. Sun Valley Lumber, Inc.*, 198 Or.App.162, 168, 107 P.3d 668, 671 (2005). Thus, the first question is whether the text of the Settlement Agreement is unambiguous as a matter of law in the context of the document as a whole, and if so, the analysis ends. *Yogman v. Parrott*, 325 Or.358, 361, 937 P.2d 1019, 1021 (1997). A contract is unambiguous if its meaning is "so clear as to preclude doubt by a reasonable person." *Brunick v. Clatsop County*, 204 Or.App.326, 338, 129 P.3d 738, 745 (2006) (citation omitted).

## ARGUMENT

1. **The Court should enforce the Settlement Agreement's unambiguous terms which requires payment to Plaintiff Grasco by Defendant.**

The Settlement Agreement clearly and unequivocally states that Defendant shall submit payment in the amount of $230,000 via wire transfer to Plaintiff Grasco by February 12, 2021. However, payment has not been received. This omission directly contracts the terms of the Settlement Agreement:

> "2.    No later than February 12, 2021, Drying Solutions will pay $230,000 to Grasco via domestic wire transfer into the client trust

Page 2 – **AMENDED MOTION TO ENFORCE SETTLEMENT AGREEMENT, AND AWARD ATTORNEY'S FEES and MEMORANDUM IN SUPPORT**

account of Grasco Law, P.C., Hinsdale, IL 60521. Routing and account numbers to be provided to Drying Solutions via counsel prior to or upon execution of this agreement. Upon verification of Receipt of Funds, Grasco will surrender to Drying Solutions all four (4) trailer and original blowers, which Drying Solutions may pick up from Orgro Business Park in Grants Pass, Oregon."

*See* Exhibit 1 ¶ 2 to Decl. of Peter Grasso.

As of February 15, 2020, this agreed-upon payment has not occurred. Again, the Settlement Agreement is very clear on this point, and Defendant Drying Solutions LLC is violating that agreement. The Court should order Defendant and/or its agents to transmit payment to Plaintiff Grasco pursuant to the settlement agreement between the parties.

**2. The Court should enforce the Settlement Agreement's unambiguous terms that permit the recovery of attorney fees in the event that legal actions are required to enforce any right created by the Settlement Agreement.**

The Settlement Agreement clearly indicates that if a legal action is required to enforce any right created by the agreement. Given the clear language at issue here and the relatively small amount at issue, the Court should award attorney's fees and expenses as a matter of principle to deter such conduct by recalcitrant defendants in the future. "Under the so-called American rule regarding the award of attorney fees, 'Generally, a party cannot recover attorney fees unless there is a statute or a contract that authorizes recovery of those fees.'" *Montara Owners Ass'n v. La Noue Dev., Ltd. Liab*. Co., 357 Or 333, 360, 353 P3d 563, 578 (2015)(Citing: *Peace River Seed Co-Op, Ltd. v. Proseeds Marketing, Inc*., 355 Ore. 44, 65, 322 P3d 531 (2014)). Here, the settlement agreement constitutes a contract between the parties which authorizes the recovery of attorney fees in unequivocal terms. *See* Exhibit 1 of Decl. of Peter Grasso, ¶ 17. Therefore, the Court should award attorney's fees and expenses to Plaintiff Grasco.

Page 3 – **AMENDED MOTION TO ENFORCE SETTLEMENT AGREEMENT, AND AWARD ATTORNEY'S FEES and MEMORANDUM IN SUPPORT**

3. **The Court should award fees associated with the continued storage of property held in anticipation of the performance by Defendant required in the Settlement Agreement.**

Additionally, given the terms of paragraph 2 to the Settlement Agreement as referenced above, Plaintiff has been required to continue storing property which was to be conveyed to Defendant upon Defendant's performance of the terms of the Settlement Agreement. Plaintiff has incurred additional expenses related to storage due to Defendant's failure to convey payment to Plaintiff. The Court should award Plaintiff these reasonable costs associated with storage of property, which could have been avoided if Defendant had timely met the terms of the Settlement Agreement.

DATED: this 18th day of February 2021.

CAUBLE, SELVIG & WHITTINGTON, LLP

*/s/ Christopher L. Cauble*
Christopher L. Cauble, OSB No. 962374
ccauble@thecaublefirm.com
**CAUBLE, SELVIG & WHITTINGTON, LLP**
111 SE 6th Street
Grants Pass, OR 97526
Telephone: (541) 476-8825
Facsimile: (541) 471-1704

Of Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was served by mailing and emailing to said party below a true copy thereof, contained in a sealed envelope, with postage paid, addressed to said party at the last known address and deposited in the post office on said day at Grants Pass, Oregon:

Colt Hansen
3903 Helms Rd
Grants Pass, OR 97527
Email: hansenbrandllc@gmail.com
Defendant pro se

Adam Popejoy
700 Merlin Rd, Bldg E
Grants Pass, OR 97526
Email: aapopejoy@yahoo.com
Defendant pro se

Shea McInvale
700 Merlin Rd, Bldg E
Grants Pass, OR 97526
Defendant pro se

Attorney Kendell Ferguson has on (2/17/2021), corresponded with our office representing the above-mentioned Pro Se Defendants and notified our office that she no longer represents them. We did serve Ms. Ferguson with the motion prior to her withdrawal as attorney, which we believe is effective service. However, we are also serving the individual defendants to assure that they have been notified of the motion.

**DATED**: this 18th day of February, 2021.

CAUBLE, SELVIG & WHITTINGTON, LLP

*/s/ Christopher L. Cauble*
Christopher L. Cauble, OSB No. 962374
ccauble@thecaublefirm.com
**CAUBLE, SELVIG & WHITTINGTON, LLP**
111 SE 6th Street
Grants Pass, OR 97526
Telephone: (541) 476-8825
Facsimile: (541) 471-1704

Of Attorney for Plaintiff

Page 5 – **AMENDED MOTION TO ENFORCE SETTLEMENT AGREEMENT, AND AWARD ATTORNEY'S FEES and MEMORANDUM IN SUPPORT**